IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KENDRICK ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:24-cv-02906-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| TRANSUNION, EQUIFAX, and ) | |
| EXPERIAN, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In her Report and Recommendation ("R&R"), Magistrate Judge Annie T. Christoff recommended that this Court deny Plaintiff's motion for summary judgment. (ECF No. 68 (R&R); ECF No. 27 (motion for summary judgment).) For the reasons below, this Court **ADOPTS** the R&R.

### BACKGROUND AND THE R&R

In November 2024, pro se Plaintiff Kendrick Robinson sued Defendants TransUnion, Equifax, and Experian. (ECF No. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Judge Christoff for management of all pretrial matters. Plaintiff dismissed Equifax and Experian, so only TransUnion remains. (*See* ECF Nos. 41, 63.) And in January 2025, Plaintiff moved for summary judgment. (ECF No. 27.)

In June 2025, Judge Christoff entered this R&R, recommending the Court deny the motion for summary judgment as premature. (ECF No. 68.) Plaintiff did not object to the R&R. The Court now turns to the legal standard and then reviews the R&R.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in June 2025. Neither party objected, and the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## **DISPOSITION**

Having reviewed the record, the Court finds no clear error in Judge Christoff's R&R. In fact, the Court agrees with her analysis. Rule 56 allows a party to move for summary judgment "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). But generally, summary judgment is improper when the nonmoving party lacked an opportunity for discovery. *Stevens-Bratton v. TruGreen, Inc.*, 437 F. Supp. 3d 648, 653 (W.D. Tenn. 2020) ("'[A] grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery.'" (quoting *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994))).

At the time Plaintiff moved for summary judgment, Defendant had not even filed a responsive pleading, let alone been given an opportunity for discovery. (*See* ECF No. 32.) As a result, the Court agrees with Judge Christoff that the motion is premature and should be denied.

## **CONCLUSION**

The Court has reviewed Judge Christoff's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R and **DENIES** Plaintiff's motion for summary judgment as premature.

**SO ORDERED**, this 22nd day of July, 2025.

                                  s/Thomas L. Parker
                                  THOMAS L. PARKER
                                  UNITED STATES DISTRICT JUDGE